**Jose Marvin APARICIO–BARRERA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–70699.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010 *.

Filed Jan. 19, 2010.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

711

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

MEMORANDUM **

Jose Marvin Aparicio–Barrera, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review findings of fact for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012 (9th Cir.2003), and review claims of due process violations de novo, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the agency's determination that Aparicio–Barrera is ineligible for asylum and withholding of removal because Aparicio–Barrera's status as a victim of gang violence is not a protected ground. *See Barrios v. Holder,* 581

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 849, 854–56 (9th Cir.2009). Accordingly, Aparicio–Barrera's asylum and withholding of removal claims fail.

Aparicio–Barrera failed to brief this court on CAT relief and has therefore waived this issue. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1260 (9th Cir.1996).

We reject Aparicio–Barrera's due process claim because the IJ gave him at least three opportunities at the merits hearing to supplement the information in his asylum application and he declined to meaningfully do so. *Cf. Jacinto v. INS,* 208 F.3d 725, 727–28 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**